UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY FINK,<br>     Plaintiff<br><br>V.<br><br>SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK, SUN LIFE ASSURANCE COMPANY OF AMERICA, AND PROSKAUER ROSE LLP LONG TERM DISABILITY PLAN,<br>     Defendants | CIVIL ACTION NO. 05-10001-RWZ |

## ANSWER OF DEFENDANTS, SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK AND SUN LIFE ASSURANCE COMPANY OF AMERICA TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The defendant, Sun Life Insurance and Annuity Company of New York and Sun Life Assurance Company of Canada (improperly named as Sun Life Assurance Company of America) (collectively "Sun Life"), answers the plaintiff's First Amended Complaint as follows:

1.     Sun Life admits that Mr. Fink was a participant in a long-term disability plan (the "Plan") offered by his former employer, Proskauer Rose LLP.  The Plan is funded by a group policy of long-term disability insurance, No. 86216, issued by Sun Life to Proskauer Rose, LLP (the "Policy").  Sun Life is the claim administrator for the Plan.  The remaining allegations set forth in paragraph 1 concern contention of law to which no answer is required.

2 - 3.     The allegations set forth in paragraph 2 - 3 summarize the claims alleged in the Complaint and/or set forth contentions of law to which no answer is required.  To the extent that the allegations set forth in paragraphs 2 - 3 are deemed to include allegations of fact, Sun Life denies them.

4.     The allegations set forth in paragraph 4 concern contentions of law to which no answer is required. Sun Life does not contest this Court's jurisdiction over this case.

5.     Sun Life admits that Mr. Fink is 41 years old, lives in Wellesley, Massachusetts and is a participant in the Plan. The remaining allegations set forth in paragraph 5 concern contentions of law to which no answer is required.

6.     Sun Life admits that Sun Life Insurance and Annuity Company of New York is a New York corporation with its principal place of business at 60 East 42nd Street, New York, New York 10165, that it transacts business in New York and that it underwrites the Policy under which Mr. Fink is suing.

7.     Sun Life admits the allegations set forth in paragraph 7.

8.     Sun Life denies the allegations set forth in paragraph 8.

9.     Sun Life admits that Sun Life Assurance Company of Canada is a Massachusetts corporation with its principal place of business at One Sun Life Executive Park, Wellesley Hills, Massachusetts 02481.

10.    Sun Life admits that it was the claims administrator for the Plan and in particular for the claim filed by Mr. Fink. The remaining allegations set forth in paragraph 10 concern contentions of law to which no answer is required.

11.    Sun Life admits that Mr. Fink seeks to recover long-term disability benefits under the Plan, which is funded by the Policy issued by Sun Life to Proskauer Rose LLP. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Sun Life admits that when Mr. Fink submitted his claim he was employed as an attorney at the law firm of Proskauer Rose, LLP in New York. Sun Life denies the remaining allegations set forth in paragraph 12.

13. Sun Life admits that as an employee of Proskauer Rose, LLP, Mr. Fink was eligible for long-term disability benefits under the Plan if he met the definition of disability set forth in the Policy. Sun Life denies the remaining allegations set forth in paragraph 13.

14. Sun Life admits that it was the claim administrator and that it issued the Policy to Proskauer Rose LLP. Sun Life denies the remaining allegations set forth in paragraph 14.

15. Sun Life denies the allegations set forth in paragraph 15.

16 - 18. The allegations set forth in paragraphs 16 - 18 purport to summarize or quote from the Plan and/or the Policy. These documents speak for themselves and no further answer is required as to these allegations.

19. Sun Life admits that Mr. Fink submitted a timely claim seeking payment of total disability benefits under the Plan. The remaining allegations set forth in paragraph 19 purport to summarize the claims that Mr. Fink makes in this case and no further answer is required. To the extent the remaining allegations set forth in paragraph 19 are deemed to include allegations of fact, Sun Life denies them.

20. Sun Life admits that when Mr. Fink submitted his disability claim he was an attorney employed in the corporate department at Proskauer Rose, LLP. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20.

21. Sun Life admits that Mr. Fink was a corporate lawyer and may have performed some or all of the types of transactions identified in paragraph 21. Sun Life is without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22 – 31.   The allegations set forth in paragraphs 22 - 31 purport to summarize the events, complaints and symptoms reported by Mr. Fink to his medical providers and the medical treatment he received, which are set forth in his medical records.  Those medical records speak for themselves and no further answer is required as to the allegations set forth in paragraphs 22 - 31.

32.   Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33 - 34.   Sun Life admits that Mr. Fink has claimed that his last day of work at Proskauer Rose, LLP was August 23, 1999.  Sun Life denies the remaining allegations set forth in paragraph 33 - 34.

35 – 36.   The allegations set forth in paragraphs 35 - 36 purport to summarize Mr. Fink's reported symptoms and diagnosis which are set forth in his medical records.  Those records speak for themselves and no further answer is required as to paragraphs 35 - 36.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraphs 35 - 36.

37.   Sun Life admits that Mr. Fink has seen numerous health care providers in various different fields, all of whom have provided different diagnoses for Mr. Fink's claimed disability.  Sun Life also admits that Mr. Fink has received different types of treatment for his claimed disability, none of which have provided significant relief, according to Mr. Fink, for the symptoms of his claimed disability.  Sun Life denies the remaining allegations set forth in paragraph 37.

38.  Sun Life admits that Mr. Fink filed a claim for long-term disability benefits under the Plan.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38.

39.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.  Sun Life admits the allegations set forth in paragraph 40.

41.  Sun Life admits that Mr. Fink has spoken with vocational rehabilitation counselors at Sun Life and that he reported that he was motivated to return to work.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41.

42.  Sun Life admits that in 2002 Mr. Fink began performing volunteer work.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42.

43.  Sun Life admits that Mr. Fink volunteered at NYU Medical Center and at Newton Wellesley Hospital.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43.

44.  Sun Life admits that Mr. Fink volunteered at the Marist Hill Nursing Home in Waltham, Massachusetts.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44.

45.  Sun Life admits that Mr. Fink volunteered with the Consumer Assistance Center.  Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45.

46.  Sun Life denies the allegations set forth in paragraph 46.

47.	Sun Life admits that in December 2003 at Sun Life's request Mr. Fink had an independent medical examination with Dr. Michael Alexander who issued a written report about his findings. That report speaks for itself and no further answer is required as to the allegations in paragraph 47 about that report.  Sun Life denies the remaining allegations set forth in paragraph 47.

48.	The allegations set forth in paragraph 48 purport to summarize or quote from a telephone call that occurred on February 27, 2004, documentation of which is in the administrative record.  That documentation speaks for itself and no further answer is required as to the allegations in paragraph 48 about that call.  Sun Life admits that during the February 27, 2004 telephone call it informed Mr. Fink that he no longer met the definition of total disability under the Plan.

49.	The allegations set forth in paragraph 49 purport to summarize or quote from a letter dated March 3, 2004, which is in the administrative record.  That letter speaks for itself and no further answer is required as to the allegations in paragraph 49 regarding that letter.  Sun Life denies the remaining allegations in paragraph 49 in the manner and form stated.

50.	The allegations set forth in paragraph 50 purport to summarize or quote from a letter dated March 7, 2004.  That letter speaks for itself and no further answer is required as to the allegations in paragraph 50 regarding that letter.  Sun Life denies the remaining allegations in paragraph 50 in the manner and form stated.

51.	The allegations set forth in paragraphs 51 purport to summarize or quote from a letter dated April 13, 2004.  That letter speaks for itself and no further answer is required as to the allegations in paragraph 51 regarding that letter.  Sun Life denies the remaining allegations in paragraph 51 in the manner and form stated.

52.     The allegations set forth in paragraph 52 purport to summarize or quote from a letter dated April 22, 2004.  That letter speaks for itself and no further answer is required as to the allegations in paragraph 52 regarding that letter.  Sun Life denies the remaining allegations in paragraph 52 in the manner and form stated.

53.     Sun Life denies the allegations set forth in paragraph 53.

54.     Sun Life admits that Mr. Fink on August 3, 2004, through his attorneys, filed an appeal to Sun Life's decision that he was not totally disabled as defined by the Plan.  Sun Life denies the remaining allegations set forth in paragraph 54.

55.     Sun Life admits that Mr. Fink included numerous affidavits, reports, and medical records in support of his claim for total disability benefits.  Sun Life denies the remaining allegations set forth in paragraph 55.

56.     The allegations set forth in paragraph 56 purport to summarize or quote from the documents that Mr. Fink submitted to Sun Life in support of his appeal, which are in the administrative record.  These records speak for themselves, thus no further answer is required as to the allegations in paragraph 56 regarding these records.  Sun Life denies the remaining allegations in paragraph 56 in the manner and form stated.

57.     The allegations set forth in paragraph 57 purport to summarize or quote from the documents that Mr. Fink submitted to Sun Life in support of his appeal, which are in the administrative record.  These records speak for themselves, thus no further answer is required as to the allegations in paragraph 57 regarding that letter.  Sun Life denies the remaining allegations in paragraph 57 in the manner and form stated.

58.     Sun Life denies the allegations set forth in paragraph 58.

59. The allegations set forth in paragraph 59 purport to summarize or quote from the documents that Mr. Fink submitted to Sun Life in support of his appeal, which are in the administrative record. These documents speak for themselves, thus no further answer is required as to the allegations in paragraph 59 regarding that letter. Sun Life denies the remaining allegations in paragraph 59 in the manner and form stated.

60-61. The allegations set forth in paragraph 60-61 purport to summarize or quote from a letter dated August 13, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 60-61 regarding that letter. Sun Life denies the remaining allegations in paragraph 60-61 in the manner and form stated.

62. Sun Life admits that after Mr. Fink submitted his initial appeal which included over 700 pages of documents, he continued to submit additional documents, on different dates, in support of his appeal. Sun Life denies the remaining allegations set forth in paragraph 62.

63. The allegations set forth in paragraph 63 purport to summarize or quote from a letter dated September 20, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 63 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 63 in the manner and form stated.

64. The allegations set forth in paragraphs 64 purport to summarize or quote from a letter dated October 8, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 64 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 64 in the manner and form stated.

65. Sun Life denies the allegations set forth in paragraph 65.

66.  The allegations set forth in paragraph 66 purport to summarize or quote from documentation of a telephone call dated October 25, 2004. That documentation speaks for itself, thus no further answer is required as to the allegations in paragraph 66 regarding this documentation. Sun Life denies the remaining allegations set forth in paragraph 66 in the manner and form stated.

67.  Sun Life admits that Dr. Alexander's report was forwarded to Mr. Fink on February 18, 2005. Sun Life denies the remaining allegations set forth in paragraph 67.

68.  The allegations set forth in paragraph 68 purport to summarize or quote from documentation of a telephone call dated October 25, 2004. That documentation speaks for itself, thus no further answer is required as to the allegations in paragraph 68 regarding this documentation. Sun Life denies the remaining allegations set forth in paragraph 68 in the manner and form stated.

69.  The allegations set forth in paragraph 69 concern contentions of law to which no answer is required.

70.  The allegations set forth in paragraph 70 purport to summarize or quote from documentation of a telephone call dated October 25, 2004. That documentation speaks for itself, thus no further answer is required as to the allegations in paragraph 70 regarding this documentation. Sun Life denies the remaining allegations set forth in paragraph 70 in the manner and form stated.

71 - 72.  The allegations set forth in paragraphs 71 - 72 purport to summarize or quote from documentation of a telephone call dated October 28, 2004. That documentation speaks for itself, thus no further answer is required as to the allegations in paragraphs 71 - 72

regarding this documentation. Sun Life denies the remaining allegations set forth in paragraphs 71 - 72 in the manner and form stated.

73. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73. Further answering, although Sun Life maintained an ongoing dialogue with Mr. Fink's counsel regarding the status of his appeal, Sun Life is not privy to the nature and extent of communications between Mr. Fink and his counsel.

74 - 75. Sun Life admits that it declined plaintiff's request that Sun Life pay benefits under reservation of right while it completed its appeal review. Sun Life denies the remaining allegations of paragraphs 74 - 75.

76. Sun Life admits that Sun Life and Mr. Fink agreed that Sun Life could have an additional 45 days to complete the appeal review. Sun Life denies the remaining allegations set forth in paragraph 76 in the manner and form stated.

77. The allegations set forth in paragraph 77 purport to summarize or quote from a letter dated December 2, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 77 regarding that letter. Sun Life admits that it received a copy of an IME report of Dr. Glenn, as well as Mr. Fink's Social Security Disability Award Letter.

78. The allegations set forth in paragraph 78 purport to summarize or quote from an IME report issued by Dr. Glenn, which is in the administrative record. That report speaks for itself and no further answer is required as to the allegations in paragraph 78 regarding that report. Sun Life denies the remaining allegations set forth in paragraph 78 in the manner and form stated.

79. The allegations set forth in paragraph 79 purport to summarize or quote from an IME report issued by Dr. Glenn, which is in the administrative record. That report speaks for itself and no further answer is required as to the allegations in paragraph 79 regarding that report. Sun Life denies the remaining allegations set forth in paragraph 79 in the manner and form stated.

80. The allegations set forth in paragraphs 80 purport to summarize or quote from a letter dated December 12, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 80 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 80 in the manner and form stated.

81. Sun Life denies the allegations set forth in paragraph 81.

82. The allegations set forth in paragraph 82 purport to summarize or quote from a letter dated December 12, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 82 regarding that letter. Sun Life denies that there was ever a "lottery" or program at Sun Life rewarding or compensating employees for meeting alleged "quotas for closures or terminations of claims" and denies the remaining allegations set forth in paragraph 82 in the manner and form stated.

83. Sun Life admits that an email dated June 26, 2002 was retracted by its author and Sun Life on June 27, 2002. Sun Life denies the remaining allegations set forth in paragraph 83.

84. Sun Life admits that although Mr. Binette may have received the email, he also received the email issued the next day retracting the previous email. Sun Life denies the remaining allegations set forth in paragraph 84.

85. The allegations set forth in paragraph 85 purport to summarize or quote from a letter dated December 12, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 85 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 85 in the manner and form stated.

86. Sun Life denies the allegations set forth in paragraph 86.

87 - 88. Sun Life, upon information and belief, admits that a telephone call occurred on December 14, 2004 where the parties discussed the status of Mr. Fink's claim. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraphs 87 - 88.

89. The allegations set forth in paragraph 89 purport to summarize or quote from a telephone conversation on December 15, 2004, documentation of which is in the administrative record. That documentation speaks for itself and no further answer is required as to the allegations set forth in paragraph 82 regarding that telephone conversation. Sun Life denies the remaining allegations set forth in paragraph 89 in the manner and form stated.

90. Sun Life admits that the parties agreed to an extension to respond to the appeal up to December 20, 2004. Sun Life denies the remaining allegations set forth in paragraph 90 in the manner and form stated.

91. The allegations set forth in paragraph 91 purport to summarize or quote from a letter dated December 21, 2004, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 91 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 91 in the manner and form stated.

92. The allegations set forth in paragraph 92 purport to summarize or quote from a letter dated January 3, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 92 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 92 in the manner and form stated.

93. The allegations set forth in paragraph 93 purport to summarize or quote from a letter dated January 14, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 93 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 93 in the manner and form stated.

94. The allegations set forth in paragraph 94 purport to summarize or quote from a letter dated January 14, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 94 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 94 in the manner and form stated.

95. The allegations set forth in paragraph 95 concern contentions of law to which no answer is required.

96 - 98. The allegations set forth in paragraphs 96 - 98 purport to summarize or quote from a letter dated January 21, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 96 - 98 regarding that letter. Sun Life denies the remaining allegations set forth in paragraphs 96 - 98 in the manner and form stated.

99. The allegations set forth in paragraph 99 purport to summarize or quote from a telephone call between Sun Life and Mr. Fink's counsel dated January 27, 2005, documentation of which is in the administrative record. That documentation speaks for itself and no further answer is required as to the allegations in paragraph 99 regarding this conversation. Sun Life

admits that as a good faith accommodation and in an effort to provide Mr. Fink with some financial relief it offered to pay, under reservation of rights, two months benefits to Mr. Fink while Sun Life completed its appeal review. Sun Life denies the remaining allegations set forth in paragraph 99.

100. The allegations set forth in paragraph 100 purport to summarize or quote from a letter dated February 1, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 100 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 100 in the manner and form stated.

101. The allegations set forth in paragraph 101 purport to summarize or quote from a letter dated February 1, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 101 regarding that letter. Sun Life admits that Mr. Fink agreed to undergo the independent medical examination only if Sun Life agreed to pay all back benefits (in excess of $120,000.00) allegedly due at that time. Sun Life denies the remaining allegations set forth in paragraph 101 in the manner and form stated.

102. The allegations set forth in paragraph 102 purport to summarize or quote from a letter dated February 9, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 102 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 102 in the manner and form stated.

103 - 104. The allegations set forth in paragraphs 103 - 104 purport to summarize or quote from a letter dated February 15, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraphs 103 - 104 regarding that letter. Sun Life denies the remaining allegations set forth in paragraphs 103 - 104 in the manner and form stated.

105 - 106  The allegations set forth in paragraphs 105 - 106 purport to summarize or quote from a letter dated February 18, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraphs 105 - 106 regarding that letter. Sun Life denies the remaining allegations set forth in paragraphs 105 - 106 in the manner and form stated.

107.	The defendant denies the allegations set forth in paragraph 107.

108.	The allegations set forth in paragraph 108 purport to summarize or quote from a letter dated February 18, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 108 regarding that letter. Sun Life denies the remaining allegations set forth in paragraph 108 in the manner and form stated.

109.	The allegations set forth in paragraph 109 purport to summarize or quote from a report of Dr. Alexander dated December 16, 2004, which is in the administrative record. That report speaks for itself and no further answer is required as to the allegations in paragraph 109 regarding that report. The defendant denies the remaining allegations set forth in paragraph 109 in the manner and form stated.

110 - 112.	The allegations set forth in paragraphs 110 - 112 purport to summarize or quote from a letter dated March 14, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraphs 110 - 112 regarding that letter. Sun Life denies the remaining allegations set forth in paragraphs 110 - 112 in the manner and form stated.

113.	Sun Life admits that it intended to use the IME for all purposes in evaluating Mr. Fink's claim and appeal and would not agree to the restrictions that Mr. Fink insisted upon in order to attend the IME. Sun Life denies the remaining allegations set forth in paragraph 113.

114. Sun Life admits that after Mr. Fink confirmed through counsel in April, 2005 that he would not attend the IME, Sun Life has continued its efforts to evaluate Mr. Fink's claim for benefits and complete its appeal. Mr. Fink has filed this case prior to the completion of the administrative review of his claim. Sun Life denies the remaining allegations set forth in paragraph 114.

115. Sun Life admits that Mr. Fink was approved for Social Security Disability benefits in November 2004, but that those benefits were withdrawn by Social Security in January 2005. Sun Life denies the remaining allegations set forth in paragraph 115.

116. The allegations set forth in paragraph 116 concern contentions of law to which no answer is required.

117. The allegations set forth in paragraph 117 purport to summarize or quote from a letter dated January 12, 2005, which is in the administrative record. That letter speaks for itself and no further answer is required as to the allegations in paragraph 117 regarding that letter. Sun Life admits that Social Security has reversed Mr. Fink's award through an internal audit. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 117.

118 - 132. Sun Life denies the allegations set forth in paragraphs 118 - 132.

133. Sun Life repeats and realleges its answers to paragraphs 1 through 132, which are incorporated herein by reference.

134. The allegations set forth in paragraph 134 concern contentions of law to which no answer is required.

135. Sun Life denies the allegations set forth in paragraph 135.

136. The allegations set forth in paragraph 136 concern contentions of law to which no answer is required.

137. Sun Life denies the allegations set forth in paragraph 137.

138. Sun Life denies the allegations set forth in paragraph 138.

139. The allegations set forth in paragraph 139 purport to set forth contentions of law to which no answer is required. To the extent that the allegations set forth in paragraph 139 are deemed to include allegations of fact, Sun Life denies them.

140 - 141. Sun Life denies the allegations set forth in paragraphs 140 - 141.

142. Sun Life repeats and realleges its answers to paragraphs 1 through 142, which are incorporated herein by reference.

143. The allegations set forth in paragraph 143 concerns contentions of law to which no answer is required. To the extent that the allegations set forth in paragraph 143 are deemed to include allegations of fact, Sun Life denies them.

144. The allegations set forth in paragraph 144 concern contentions of law to which no answer is required.

145 - 147. Sun Life denies the allegations set forth in paragraphs 145 - 147.

To the extent that plaintiff's request for relief is deemed to contain allegations of fact, Sun Life denies them.

## SECOND DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted.

## THIRD DEFENSE

This case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

## FOURTH DEFENSE

Any common law claims asserted by the plaintiff are preempted by the Employee Retirement Security Act of 1974, 29 U.S.C. §1001 et seq.

## FIFTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Plan.

## SIXTH DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Plan.

## SEVENTH DEFENSE

The decision rendered by Sun Life on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Sun Life as Claims Administrator.

## EIGHTH DEFENSE

Sun Life did not carry out its duties in an arbitrary and capricious manner.

## NINTH DEFENSE

This case must be reviewed under the arbitrary and capricious standard of review.

## TENTH DEFENSE

Under ERISA plaintiff is not entitled to any extra contractual damages.

## ELEVENTH DEFENSE

The plaintiff has not made a sufficient showing to warrant an award of attorneys' fees under ERISA.

## TWELFTH DEFENSE

Sun Life's decision in this case was not arbitrary and capricious.

## THIRTEENTH DEFENSE

The Plan is not obligated to pay any future benefits in a lump sum to the plaintiff.

## FOURTEENTH DEFENSE

The plaintiff has failed to exhaust his administrative remedies, has refused to cooperate with Sun Life's reasonable efforts to perform a full and fair review of his claim, and his Complaint should be dismissed.

## FIFTEENTH DEFENSE

By his conduct, plaintiff has refused to cooperate with Sun Life's request that he attend an IME and in doing so has violated the clear requirements of the Plan and interfered and delayed Sun Life's efforts to perform a full and fair review of Mr. Fink's claim.

## SIXTEENTH DEFENSE

The plaintiff is not totally disabled from performing the material and substantial duties of his own occupation.

## SEVENTEENTH DEFENSE

Sun Life has timely and properly requested all necessary extensions of time in which to complete its review of plaintiff's appeal and plaintiff has waived his right to allege otherwise by agreeing with and/or assenting to Sun Life's request in each instance.

EIGHTEENTH DEFENSE

In making its determination on plaintiff's appeal Sun Life has, at all relevant times, been in substantial compliance with the relevant timing and disclosure requirements set forth under ERISA and/or in the U.S. Department of Labor regulations governing such appeals.

WHEREFORE, the proper defendant, Sun Life, demands that the plaintiff's Complaint be dismissed and judgment thereon be entered in favor of the defendants, together with an award of costs.

SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK, SUN LIFE ASSURANCE COMPANY OF CANADA

By their attorney,

/s/ Joan O. Vorster
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: May 9, 2005

CERTIFICATE OF SERVICE

I, Joan O. Vorster, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Mala M. Rafik, Rosenfeld & Rafik, P.C., 44 School St., Suit 410, Boston, MA 02108.

/s/ Joan O. Vorster
Joan O. Vorster, Esq.

Dated: May 9, 2005