# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

JEFFREY FINK,

     Plaintiff

     V.

SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK, SUN LIFE ASSURANCE COMPANY OF AMERICA, AND PROSKAUER ROSE LLP LONG TERM DISABILITY PLAN,

     Defendants

CIVIL ACTION NO. 05-10001-RWZ

## JOINT STATEMENT REGARDING PRETRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendants Sun Life Insurance and Annuity Company of New York, Sun Life Assurance Company of America, and Proskauer Rose LLP Long Term Disability Plan (collectively referred to as "Defendants"), and the Plaintiff Jeffrey Fink ("Mr. Fink" or "Plaintiff") hereby file this Joint Statement Regarding Pretrial Matters.

1.    <u>Proposed Discovery Plan and Schedule for Motions</u>

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

a.    Motions to join additional parties and to amend the pleadings must be filed by June 30, 2005.

b.    Insofar as this matter solely concerns the Court's review of a claim for benefits under ERISA, the Defendants will provide to Plaintiff on or before June 30, 2005, a copy of the Record for Judicial Review, unredacted, with the exception of

privileged documents, and arranged in an orderly fashion.  Defendants will produce a privilege log for any documents that are redacted or withheld on the basis of privilege.

c.  If the Plaintiff claims that the record is incomplete, she must notify the Defendants' counsel in writing of the same by July 15, 2005.  If the Plaintiff does not provide such notice by July 15, 2005, then Defendant shall file with the Court each of the documents served on Plaintiff entitled as "Agreed to Record for Judicial Review."  If the Plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by July 29, 2005.  If the parties come to an agreement, they will file an "Agreed To Record For Judicial Review" no later than August 5, 2005.  If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by August 5, 2005, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree.  To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by August 19, 2005.

d.  If any party proposes that it is entitled to any discovery, to constitute or supplement the record for judicial review, it must file with the Court a submission showing cause for the party's entitlement to such discovery.  The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received in evidence and would be material to the disposition of this civil action.  Any

requests for discovery must be filed by August 19, 2005.  Counsel to any party not proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

e.    If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the record for judicial review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing.  The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action.  Any request for such evidentiary hearing must be filed by August 19, 2005.  Counsel to any party not proposing the evidentiary hearing shall have two weeks form the service of a request for such a hearing to file an opposition thereto.

f.    Insofar as this matter involves the review of a record whose content will be decided based on the methodology set forth herein, the parties are relieved on any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

g.    Summary Judgment Motions with accompanying memoranda must be filed by September 30, 2005, or two months after the Court rules upon the availability of discovery and the record for judicial review.

Respectfully submitted,

The Plaintiff,
JEFFREY N. FINK

By:


 /s/ Mala M. Rafik
Mala M. Rafik
BBO No. 638075
S. Stephen Rosenfeld & Rafik
BBO No. 428940
Rosenfeld & Rafik, P.C.
44 School Street, Suite 410
Boston, MA  02108
(617) 723-7470


Date:  June 9, 2005

Respectfully submitted,

The Defendants,
SUN LIFE INSURANCE AND
ANNUITY COMPANY OF NEW
YORK, SUN LIFE ASSURANCE
COMPANY OF AMERICA, AND
PROSKAUER ROSE LLP LONG
TERM DISABILITY PLAN

By:


/s/ Kristina Allaire
Joan Vorster, Esq.
BBO No. 550375
Kristina Allaire
BBO No. 646001
Mirick, O'Connell, DeMallie &
Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
(413) 791-8500